UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MELISSA MEHNERT,

                    Plaintiff,

v.                                       1:19-CV-1054
                                       (WBC)

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
_____

APPEARANCES:                            OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC     SAMANTHA VENTURA, ESQ.
  Counsel for Plaintiff                      KENNETH HILLER, ESQ.
6000 North Bailey Ave, Ste. 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.           ANNE ZEIGLER, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II  BLAKELY PRYOR, ESQ.
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

       The parties consented, in accordance with a Standing Order, to proceed before

the undersigned.  (Dkt. No. 12.)  The court has jurisdiction over this matter pursuant

to 42 U.S.C. § 405(g).  The matter is presently before the court on the parties' cross-

motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of

Civil Procedure.  For the reasons discussed below, Plaintiff's motion is denied, and the

Commissioner's motion is granted.

## I.     RELEVANT BACKGROUND

### A.    Factual Background

Plaintiff was born in 1979.  (T. 72.)  She completed high school.  (T. 156.)

Generally, Plaintiff's alleged disability consists of spinal injury and bilateral kneecap

injuries.  (T. 155.)  Her alleged disability onset date is February 6, 2010.  (T. 72.)

### B.    Procedural History

On June 24, 2016, Plaintiff applied for Supplemental Security Income ("SSI")

under Title XVI of the Social Security Act.  (T. 72.)  Plaintiff's application was initially

denied, after which she timely requested a hearing before an Administrative Law Judge

("the ALJ").  On August 7, 2018, Plaintiff appeared before the ALJ, Dale Black-

Pennington.  (T. 28-61.)  On September 12, 2018, ALJ Black-Pennington issued a

written decision finding Plaintiff not disabled under the Social Security Act.  (T. 12-27.)

On June 12, 2019, the AC denied Plaintiff's request for review, rendering the ALJ's

decision the final decision of the Commissioner.  (T. 1-6.)  Thereafter, Plaintiff timely

sought judicial review in this Court.

### C.    The ALJ's Decision

Generally, in her decision, the ALJ made the following five findings of fact and

conclusions of law.  (T. 17-24.)  First, the ALJ found Plaintiff had not engaged in

substantial gainful activity since June 24, 2016.  (T. 17.)  Second, the ALJ found Plaintiff

had the severe impairments of: degenerative disk disease of lumbar and cervical spine,

arthritis in the knees, and obesity.  (*Id*.)  Third, the ALJ found Plaintiff did not have an

impairment that meets or medically equals one of the listed impairments located in 20

C.F.R. Part 404, Subpart P, Appendix. 1.  (T. 19.)  Fourth, the ALJ found Plaintiff had

the residual functional capacity ("RFC") to perform light work, as defined in 20 C.F.R. §

416.967(b), except Plaintiff was able to:

> occasionally crouch, climb ramps or stairs and frequently balance. However, [Plaintiff] is not able to squat or kneel. [Plaintiff] required the ability to alternate positions from sitting to standing or walking every thirty minutes to one hour for comfort.

(T. 20.)[1]  Fifth, the ALJ determined Plaintiff had no past relevant work; however, there

were jobs that existed in significant numbers in the national economy Plaintiff could

perform.  (T. 22-23.)

## II.   THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.   Plaintiff's Arguments

Plaintiff makes two separate arguments in support of her motion for judgment on

the pleadings.  First, Plaintiff argues the ALJ's "highly specific physical RFC of a

sit/stand option is not supported by substantial evidence."  (Dkt. No. 8 at 6-10.)  Second,

and lastly, Plaintiff argues the ALJ failed to account for stress limitations.  (*Id*. at 11-14.)

Plaintiff also filed a reply in which she reiterated her original arguments.  (Dkt. No. 11.)

### B.   Defendant's Arguments

In response, Defendant makes one argument.  Defendant argues the ALJ

properly assessed an RFC for a range of light work.  (Dkt. No. 10 at 16-21.)

## III.   RELEVANT LEGAL STANDARD

### A.   Standard of Review

---

[1]     Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.  20 C.F.R. § 416.967(b).

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs*., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence.  *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and

despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review."  *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.    Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  *See* 20 C.F.R. § 416.920.  The Supreme Court has recognized the validity of this sequential evaluation process.  *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.    ANALYSIS

### A.    Sit/Stand Option

Plaintiff argues the ALJ impermissibly determined Plaintiff required a sit/stand option based on her "own surmise of the record and not a functional assessment from a medical provider."  (Dkt. No. 8 at 7.)  Plaintiff's argument fails.

First, an ALJ's RFC determination is not fatally flawed merely because it was formulated absent a medical opinion.  The Second Circuit has held that where, "the record contains sufficient evidence from which an ALJ can assess the [plaintiff's] residual functional capacity, a medical source statement or formal medical opinion is not necessarily required."  *Monroe v. Comm'r of Soc. Sec.,* 676 F. App'x 5, 8 (2d Cir. 2017) (internal quotations and citation omitted); *see Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) ("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole.").  Therefore, Plaintiff's assertion that the ALJ's specific sit/stand limitation was the product of legal error because it was not supported by a specific medical opinion is without merit.

Second, the ALJ is obligated to formulate Plaintiff's RFC based on the record as a whole, not just upon the medical opinions alone.  *Trepanier v. Comm'r of Soc. Sec. Admin.*, 752 F. App'x 75, 79 (2d Cir. 2018).  Here, the ALJ formulated the sit/stand limitation based on medical opinion evidence and Plaintiff's testimony which constituted substantial evidence to support the ALJ's decision.

Substantial evidence is evidence that "a reasonable mind might accept as adequate to support" a conclusion.  *Biestek v. Berryhill*, 139 S. Ct. 1148, 203 L. Ed. 2d 504 (2019).  Consultative examiner, David Bauer, M.D. examined Plaintiff and opined Plaintiff had no limitations in her ability to sit or stand.  (T. 402.)  He opined Plaintiff had "mild to moderate" limitation in her ability to walk "for long distances" and climb.  (*Id.*)  Lastly, he opined Plaintiff had "mild to moderate limitation" in any activities that required

6

full squatting.  (*Id.*)  Plaintiff testified she could drive continuously for up to 1 hour, sit for 30 minutes, walk for up to 10 minutes, and stand for 15 to 20 minutes.  (T. 34, 40-42.) Taken together, Dr. Bauer's opinion and Plaintiff's testimony, constitute substantial evidence that a reasonable mind might accept as adequate to support the ALJ's sit/stand option.

Third, the RFC determination including a sit/stand option, is more restrictive than any medical opinion in the record.  "[R]emand is generally not warranted where the ALJ's RFC finding is more restrictive than the limitations set forth in the medical opinions of record."  *Lesanti v. Comm'r of Soc. Sec.*, 436 F. Supp. 3d 639, 649 (W.D.N.Y. 2020).  Further, even assuming the record contained no basis for the ALJ's determination that Plaintiff needed to alternate positions between sitting and standing, any error in including such limitation was harmless.  *See Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010) (error is harmless and remand unnecessary where "application of the correct legal principles to the record could lead [only to the same] conclusion").  As discussed above, Dr. Bauer and Plaintiff's medical providers generally opined that she had no difficulty sitting and no more than minor deficits in motor function.  (T. 376, 378, 401-402, 413, 419-420, 423, 425, 429).  Essentially, if the ALJ was required to rely an opinion to support every specific limitation outlined in the RFC, the ALJ's RFC would be less restrictive and Plaintiff would still be found not disabled.

Therefore, the ALJ did not err in concluding Plaintiff required a sit/stand option. Although the limitation did not mirror a specific medical opinion, substantial evidence in the record supported the determination.  The ALJ properly relied on the medical opinion evidence in the record and Plaintiff's testimony.

**B.      Stress Limitation**

Plaintiff argues the ALJ's mental RFC did not reflect the consultative examiner's opinion Plaintiff had a moderate limitation in her ability to deal with stress and the ALJ erred in failing to provide sufficient analysis explaining her reasoning for rejecting the opined limitation.  (Dkt. No. 8 at 10-14.)  However, Plaintiff's argument relies on the assumption that a moderate limitation in the ability to deal with stress is inconsistent with an RFC for simple, routine, repetitive work.  Plaintiff assumes wrong.

As an initial matter, the ALJ's RFC, as written in her decision, did not explicitly limit Plaintiff to simple, routine, repetitive work.  (T. 20.)  However, the ALJ's failure to include a specific mental limitation was harmless.  While questioning the vocational expert ("VE") at the hearing, the ALJ inquired whether there were jobs that a person with Plaintiff's RFC, vocational factors, and the ability to complete a range of simple and routine tasks could perform.  (T. 54-57.)  The VE testified Plaintiff would be able to perform the jobs of sales attendant, office helper, and classifier if limited to simple and routine tasks.  (*Id*.)  Therefore, although the written RFC did not include a limitation to simple, routine, repetitive work, any error would be harmless because the occupations provided by the VE included such limitations.

Consultative examiner, Janine Ippolito, Psy.D., examined Plaintiff and opined she was able to:

> follow and understand simple directions and instructions, perform simple tasks independently, maintain attention and concentration, maintain a regular schedule, learn new tasks, perform complex tasks independently, make appropriate decisions, and relate adequately with others with no evidence of limitations.  She can appropriately deal with stress with moderate limitations.

(T. 396.)  The ALJ afforded Dr. Ippolito's opinion "some weight" because she examined Plaintiff.  (T. 22.)

First, a finding of moderate limitations in mental functioning does not preclude the ability to perform unskilled work.  The Second Circuit has held that moderate limitations in work related functioning does not significantly limit, and thus prevent, a plaintiff from performing unskilled work.  *Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010) ("None of the clinicians who examined [plaintiff] indicated that she had anything more than moderate limitations in her work-related functioning, and most reported less severe limitations."); *see McIntyre v. Colvin*, 758 F.3d 146, 152 (2d Cir. 2014) (failure to incorporate limitations in a hypothetical is harmless error if the evidence demonstrates plaintiff can engage in simple, routine tasks or unskilled work despite limitations or the hypothetical otherwise implicitly accounted for plaintiff's non-exertional limitations); *see Whipple v. Astrue*, 479 F. App'x. 367, 370 (2d Cir. 2012) (consultative examiners' findings that plaintiff's depression caused moderate limitations in social functioning ultimately supported the ALJ's determination that plaintiff was capable of performing work that involved simple tasks and allowed for a low-stress environment).

Overall, an RFC limiting Plaintiff to simple, routine, repetitive work properly accounts for moderate limitations in the ability to deal with stress.  *See Coleman v. Comm'r of Soc. Sec.*, 335 F. Supp. 3d 389, 400 (W.D.N.Y. 2018) (ALJ's mental RFC limiting plaintiff to simple routine work properly accounted for opinions plaintiff had moderate limitations in various areas of mental functioning); *see Cowley v. Berryhill*, 312 F. Supp. 3d 381, 384 (W.D.N.Y. 2018) (RFC for unskilled work accounted for moderate limitations with respect to stress); *see Tatelman v. Colvin*, 296 F. Supp. 3d

608, 613 (W.D.N. Y. 2017) ("it is well-settled that a limitation to unskilled work ...

sufficiently accounts for limitations relating to stress and production pace"); *Washburn v.*

*Colvin*, 286 F. Supp. 3d 561, 566 (W.D.N.Y. 2017), *appeal dismissed* (Mar. 30, 2018)

("It is well settled that a limitation to unskilled work sufficiently accounts for moderate

limitations in work-related functioning.").

Second, although Dr. Ippolito opined Plaintiff had a moderate limitation in dealing

with stress, she nonetheless opined Plaintiff could perform simple and complex tasks.

(T. 396.)  An RFC for simple routine work is not inherently inconsistent with limitations in

a plaintiff's ability to deal with stress, or other specific areas of mental functioning,

particularly where the source who provided such limitations ultimately opined the

plaintiff is capable of performing simple, routine, repetitive work.  *See Wright v. Berryhill*,

687 F. App'x 45, 48-49 (2d Cir. 2017) (although consultative examiner opined plaintiff

had mild to moderate limitations appropriately dealing with stress, he was nonetheless

able to perform simple, routine work and therefore the court could not conclude "a

reasonable factfinder would have to conclude" that plaintiff lacked the ability to perform

the ALJ's mental RFC) (*citing Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448

(2d. Cir. 2012)).

Of note, the ALJ determined at step two Plaintiff's depression was non-severe.

(T. 17-19, 22.)  Plaintiff does not argue the ALJ erred in her step two determination.

(Dkt. No. 8.)  An impairment is not severe if the medical evidence establishes "only a

slight abnormality" which would have "no more than a minimal effect" on a plaintiff's

ability to perform basic work activities.  SSR 85-28, 1985 WL 56856, *3; 20 C.F.R. §

416.921(a) ("An impairment is not severe if it does not significantly limit your physical or

mental abilities to do basic work activities."); *see Bowen v. Yuckert,* 482 U.S. 137, 154 n.12, 107 S.Ct. 2287 (1987).  Basic mental work activities include: understanding, carrying out, and remembering simple instructions; use of judgment, responding appropriately to supervision, coworkers, and usual work situations; and dealing with changes in a routine work setting.  20 C.F.R. § 416.921(b)(3)-(6).  Therefore, Plaintiff concedes her mental impairments do not significantly limit her ability to perform the basic mental demands of work.  *Sherman v. Comm'r of Soc. Sec.*, No. 7:14-CV-0154, 2015 WL 5838454, at *4 (N.D.N.Y. Oct. 7, 2015) (plaintiff failed to challenge ALJ's step two finding impairments were non-severe; therefore, plaintiff acknowledged the impairments constituted slight abnormalities having no more than a minimal effect on her ability to work).

The ALJ properly considered Plaintiff's mental impairment at all steps of the sequential process.  Although she determined Plaintiff's depression was non-severe, she considered Dr. Ippolito's opinion and other evidence in the record, in formulating her RFC.  Despite not included specific mental limitations in the RFC, the VE testified at the hearing Plaintiff could perform the occupations provided even if Plaintiff was limited to simple, routine, repetitive work.  Dr. Ippolito's opinion, that Plaintiff had moderate limitations in her ability to deal with stress, was not inconsistent with an ability to perform simple, routine, repetitive work.  Therefore, contrary to Plaintiff's argument, the ALJ did not "reject" Dr. Ippolito's opinion.  The ALJ's RFC was proper and supported by substantial evidence in the record.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 8) is

**DENIED**; and it is further

     **ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 10) is **GRANTED**; and it is further

     **ORDERED** that Defendant's unfavorable determination is **AFFIRMED**; and it is further

     **ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated:      October 13, 2020

                                        William B. Mitchell Carter
                                        U.S. Magistrate Judge